IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLOS PERRY                                                                              PLAINTIFF

v.                                    Case No. 1:23-cv-1041

WEST FRASER, INC.                                                  DEFENDANT

**ORDER**

Before the Court is Plaintiff's failure to prosecute this matter.

On March 18, 2024, Plaintiff's counsel filed a motion to withdraw as counsel, stating that his law firm and Plaintiff had reached an impasse in communication and that it was not in Plaintiff's best interest for the representation to continue. ECF No. 11. The Court granted the motion to withdraw. ECF No. 12. Plaintiff is now representing himself in this case. On April 29, 2024, Defendant filed a motion to compel, stating that Plaintiff had not responded to Defendant's communications regarding scheduling Plaintiff's deposition. ECF No. 16, 16-1. The Court granted Defendant's motion and ordered Defendant to appear for a deposition at 9:00 a.m. on August 6, 2024, at the offices of Mitchell Williams Law Firm. ECF No. 19. On August 6, 2024, Defendant filed a motion to dismiss, stating that Plaintiff did not appear for the deposition as ordered by the Court. ECF No. 20. Defendant argues that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute his claims. Plaintiff did not respond to the motion.

On January 17, 2025, the Court ordered Plaintiff to show cause by January 30, 2025, as to why he had not complied with the Court's order to appear for his deposition and why he had failed to litigate this matter. ECF No. 28. Plaintiff has failed to show cause, and the time to do so has passed.

A pro se litigant is not excused from complying with substantive and procedural law. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of February, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge